[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10646

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THEODORE VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00282-RBD-GJK-1

_____

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Theodore Vazquez, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court contradicted its own prior findings regarding the circumstances of his sentencing and granted improper weight to certain 18 U.S.C. § 3553(a) factors, while ignoring his mitigating evidence.

**I**

We review a district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021). Abuse of discretion review "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion . . . ." *Id.* at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination," or makes clearly erroneous factual findings. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (citation omitted).

**II**

At sentencing, a district court "shall impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). *See also* § 3553(a)(2) (listing considerations for determining an ap-

propriate sentence).  But a "district court has no inherent authority to modify a [defendant's] sentence" and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).  A district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  The district court may consider these factors in any order, and the absence of any of the three factors forecloses a sentence reduction.  *See id.* at 1237–38.  Thus, "a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021).  Regardless of what it chooses to do "[a] court must explain its . . . decision[ ] adequately enough to allow for meaningful appellate review." *Id.* at 1345 (citation omitted).

The relevant policy statement for a sentence reduction states in relevant part that the district court may reduce a defendant's term of imprisonment "if, after considering the factors set forth in . . . § 3553(a)," the court determines that, among other things, "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) . . . ." U.S.S.G. § 1B1.13(a).  It also enumerates several grounds that qualify as "extraordinary and compelling" reasons for compas-

sionate release, including an "unusually long sentence," "medical circumstances of the [d]efendant," and the "rehabilitation of the defendant . . . in combination with other circumstances . . . ." § 1B1.13(b).

To reasonably assure the safety of any other person and the community, § 3142(g) provides that a court should consider: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* § 3142(g).

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence. *Id.* § 3553(a)(1)–(2). The district court need not address "each of the § 3553(a) factors or all of the mitigating evidence." *Tinker*, 14 F.4th at 1241 (quoting *United States v. Taylor*, 997 F.3d 1348, 1354 (11th. Cir. 2021)). It is sufficient for the district court to acknowledge that it considered all applicable § 3553(a) factors and the parties' arguments so long as there is "enough analysis that meaningful appellate review of the factors' application can take place . . . ." *Id.* at 1240–41 (quoting *Taylor*, 997 F.3d at 1184–85).

The weight given to any § 3553(a) factor is committed to the discretion of the district court. *See id.* at 1241.

### III

Mr. Vazquez was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court sentenced him to a term of imprisonment of 180 months. At the time he sought compassionate release, he had served just over one-third of his 180-month sentence.

The district court did not abuse its discretion in denying Mr. Vazquez's motion for compassionate release. The district court determined that Mr. Vazquez remained a danger to the community and that the § 3553(a) factors weighed against granting compassionate release. Because two of the three required elements were not satisfied, the district court did not need to reach any of Mr. Vazquez's "extraordinary and compelling" reasons for release, including his medical conditions, rehabilitative efforts, and the alleged misapplication of his status as an armed career criminal. *See Tinker*, 14 F.4th at 1237–38 ("[A]ll three conditions . . . are necessary, [meaning] the absence of even one would foreclose a sentence reduction.").

First, the district court properly considered each of the § 3553(a) factors and exercised its discretion in granting significant weight to certain factors over others. *See* 18 U.S.C. §§ 3142(g), 3553(a); *Tinker*, 14 F.4th at 1240–41. Specifically, the district court considered Mr. Vazquez's criminal conduct, the length and extent of his criminal history, the amount of his total sentence served,

his criminal history category, and his violation of the terms of his pretrial release.  *See, e.g., United States v. Denson*, 859 F. App'x 453, 456 (11th Cir. 2021) (per curiam) (affirming district court's denial of compassionate release after considering length of sentence served, criminal history, and likelihood for recidivism).

Second, the district court properly determined that Mr. Vazquez remained a danger to the community if released.  In doing so, the district court found that Mr. Vazquez's "lengthy and expansive criminal history" factored against release.  Moreover, the district court did not contradict its prior findings regarding the severity and nature of the offense as Mr. Vazquez suggests.  The district court noted at sentencing that it "likely" would have imposed a lower sentence if not bound by the minimum mandatory term of imprisonment—180 months—while acknowledging that it did not have the discretion to do so.  But it did not say that it would have sentenced Mr. Vazquez to only five or six years imprisonment—the amount of time he had served when he filed his § 3582(c)(1)(A) motion.

The district court also stated at the sentencing hearing that the circumstances of the offense did "not . . . excuse the defendant's criminal history" and that Mr. Vazquez had "certainly earned his Criminal History Category of VI . . . ."  Those observations were consistent with the district court's determination that Mr. Vazquez remained a danger if released.  In sum, the district court's current findings denying Mr. Vazquez's motion for com-

24-10646                Opinion of the Court                7

passionate release do not contradict its statements at sentencing. *See Harris*, 989 F.3d at 911–12; *Barrington*, 648 F.3d at 1194–95.

## IV

For the foregoing reasons, the district court did not abuse its discretion in denying Mr. Vazquez's motion for compassionate release.

**AFFIRMED.**